IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY De FRANCO,<br><br>　　　　Defendant. | No.  2:21-CV-2169-KJM-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a magistrate judge as provided by Eastern District of California local rules.  On February 14, 2022, the magistrate judge filed findings and recommendations recommending plaintiff's motion for leave to proceed in forma pauperis be denied and that this action be dismissed without prejudice to refiling upon pre-payment of the filing fee for this action.  *See* F. & R., ECF No. 9.  Plaintiff objected to the findings and recommendations.  *See* Obj., ECF No. 10.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  For the reasons below, the findings and recommendations are **not adopted.**

　　　　Section 1915(a)(1) of Title 28 of the United States Code provides in relevant part that a court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal or appeal therein, without prepayment of fees or security therefor, by a person who submits an

affidavit that includes a statement of all assets such prisoner [sic] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Section (a)(2) requires a prisoner to include with an in forma pauperis application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ." *Id.* § 1915(a)(2). Section (b) requires prisoners to pay "the full amount of the filing fee," notwithstanding the grant of in forma pauperis status, as follows:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* § 1915(b).

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty."

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal citations omitted). The grant of in forma pauperis status covers more than the filing fee for a federal court action; it also covers the costs of certain transcripts and records on appeal and of service of process. *See* 28 U.S.C. § 1915(c), (d). Thus, the assessment of the sufficiency of plaintiff's funds must include the ability to cover those additional costs if in forma pauperis status is denied.

/////

As noted, the in forma pauperis statute does not provide a definition of "what constitutes insufficient assets" for purposes of a grant of in forma pauperis status. As a general proposition, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). An individual need not be "absolutely destitute" to qualify for in forma pauperis status. *Id.*; *cf. Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (pre-PLRA decision holding that imposition of partial filing fee "should not take the prisoner's last dollar "). For nonincarcerated individuals, "[m]any courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications." *C.C.R. v. Comm'r of Soc. Sec.*, 2021 WL 2534461, at *1 (E.D. Cal. June 21, 2021). In dicta in *Escobedo*, the Ninth Circuit suggested considerations may be different for incarcerated people, who "have limited overhead," and non-incarcerated people "who must pay for the roof over [their] head and the food on [their] table or go without shelter and sustenance." *Escobedo*, 787 F.3d at 1236.

Here, the findings and recommendations recommend denial of in forma pauperis status on the ground that "as of December 23, 2021, plaintiff had $1,370.96 in available funds, which is an amount sufficient to pre-pay the filing fees for this action." F. & R. at 1. Nothing in the statute or the caselaw cited above suggests that analysis of a prisoner's currently available funds, without more, is the proper standard for determining entitlement to in forma pauperis status. Moreover, the calculations for payment of an initial partial filing fee and monthly payments thereafter set out in section 1915(b) specifically limit these amounts to 20 percent of funds derived either from an average of six months of deposits or balance (initial partial filing fee) or monthly income (monthly payments thereafter), consistent with the holding above that an in forma pauperis applicant "need not be destitute" nor should payment of a partial filing fee take the inmate's "last dollar."

For the reasons explained in this order, the court finds the magistrate judge's analysis of plaintiff's claimed indigency inadequate to support the recommended denial of in forma pauperis

status. Accordingly, this matter will be referred back to the assigned magistrate judge for further review and consideration of whether, on the record as a whole in this action, plaintiff's application to proceed in forma pauperis application meets the standard in 28 U.S.C. § 1915(a) as interpreted in *Adkins* and its progeny. *See* 335 U.S. at 339.

        Accordingly, IT IS HEREBY ORDERED that:

    1.    The findings and recommendations (ECF No. 9) are NOT ADOPTED; and

    2.    This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: December 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE