IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 2:21-CV-2169-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JEREMY De FRANCO, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel and Plaintiff's motion for a copy of the docket sheet, ECF No. 26.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that "he is currently in [a] mental health crisis unit and unable to proceed without appointment of ad litem guardianship."  See ECF No. 26, pg. 1.  While the Court is sympathetic to the difficulties faced by Plaintiff, they do not amount to exceptional circumstances that require the appointment of counsel.  "Mental health issues do not warrant the appointment of counsel.  Mental impairment may be grounds for appointment of counsel in certain circumstances, but the impairment must be an 'incapacitating mental disability' and the plaintiff 'must present evidence of incompetence.'"  See Hearne v. Farhat, No. 2:20-CV-0557 DB P, 2023 WL 1824201, at *1 (E.D. Cal. Jan. 12, 2023) (citing Meeks v. Nunez, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017)).  Plaintiff indicated that he is "fully medicated on 2602 (Keyhea)" and requires this psychotropic medication.  See ECF No. 26, pg. 1-2.  However, Plaintiff presented no evidence that the medication rendered him incompetent.  Further, Plaintiff's inadequate medical care claims are neither factually nor legally complex, and Plaintiff has demonstrated an ability to articulate his claims on his own.

///
///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 26, is DENIED.

2. Plaintiff's request for a copy of the docket sheet is GRANTED.

3. The Clerk of the Court is directed to serve Plaintiff a copy of the docket sheet for this case.

Dated: June 22, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE