1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RAYMOND ALFORD BRADFORD,              No.  2:21-CV-2169-DJC-DMC-P

12                   Plaintiff,

13          v.                              FINDINGS AND RECOMMENDATIONS

14    JEREMY DE FRANCO,

15                   Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to partially dismiss.  See ECF

19    No. 28.  Plaintiff has filed an opposition to Defendant's motion.  See ECF No. 29.  Defendant has

20    filed a rely in support of the motion to dismiss.  See ECF No. 30.  Defendant seeks dismissal of

21    all claims except Plaintiff's Eighth Amendment claim for medical deliberate indifference.

22          In considering a motion to dismiss, the Court must accept all allegations of

23    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

24    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

25    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

26    738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

27    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

28    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

2    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

5    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

6    notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

7    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

8    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

9    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

10    allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

11    complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at

12    570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14    Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

15    it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

16    Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

17    defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

18    to relief."  Id. (quoting Twombly, 550 U.S. at 557).

19           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

20    outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21    Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

22    documents whose contents are alleged in or attached to the complaint and whose authenticity no

23    party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24    and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25    Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26    of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

27    1994).

28    / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's complaint at ECF No. 1.  See ECF No. 15 (service order).  Plaintiff has named Jeremy De Franco, California Department of Corrections and Rehabilitation ("CDCR") Unit Psychologist at the California Health Care Facility ("CHCF"), as the only Defendant.  See ECF No. 1, pg. 3.  Plaintiff alleges Defendant violated his civil rights while interacting with and treating Plaintiff at CDCR.  See id. at 3-5.

Specifically, Plaintiff claims Defendant knowingly withheld Plaintiff's prescription eyeglasses, cane, and arm brace.  See id. at 3.  Plaintiff states Defendant's alleged misconduct, regarding his eyeglasses, caused Plaintiff blurred vision, headaches, and eye pain. See id.  Additionally, Plaintiff claims Defendant's withholding of Plaintiff's arm brace prevented Plaintiff's arm and right wrist from properly healing from a previous injury and subsequently caused excruciating pain and permanent injury.  See id. at 3-4.  Further, Plaintiff alleges that he informed Defendant of various medical conditions, but Defendant intentionally denied, delayed, and interfered with Plaintiff's treatment because of Plaintiff's refusal to comply with vaccination policies.  See id. at 4.  Plaintiff also asserts this delay in treatment caused Plaintiff to hemorrhage. See id.  Lastly, Plaintiff alleges Defendant's conduct prevented Plaintiff from "meaningful access" to court proceedings, resulting in a dismissal of one of Plaintiff's civil lawsuits.  See id.

Plaintiff alleges these facts give rise to an Eighth Amendment claim for medical deliberate indifference, see id. at 3-4, a First Amendment retaliation claim, see id. at 4, a First Amendment claim based on denial of access to the courts, see id. at 5, and a claim of conspiracy to commit murder, see id. at 2.

/ / /

/ / /

/ / /

3

1          **II. DISCUSSION**

2          In his motion to dismiss, Defendant argues: (1) any claims against Defendant in

3   his official capacity must be dismissed; (2) all of Plaintiff's claims, excluding Plaintiff's Eighth

4   Amendment claim, fail to comply with Federal Rules of Civil Procedure Rule 8; (3) Plaintiff

5   otherwise fails to state a First Amendment retaliation claim: (4) Plaintiff fails to state a First

6   Amendment access-to-courts claim; and (5) Plaintiff fails to state a claim for conspiracy to

7   commit murder.

8          **A.      <u>Official Capacity</u>**

9          Defendant contends that Plaintiff cannot maintain a suit for damages against

10  Defendant in his official capacity.  <u>See</u> ECF No. 28-1, pgs. 8-9.  Defendant further argues that, to

11  the extent Plaintiff is attempting to pursue official capacity claims for injunctive and/or equitable

12  relief, Plaintiff's complaint fails to do so as against the sole named defendant.  <u>See</u> <u>id.</u> at 9.

13          1.      <u>Damages Claims</u>

14         The Eleventh Amendment bars actions seeking damages from state officials acting

15  in their official capacities.  <u>See</u> <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1995); <u>Pena v.</u>

16  <u>Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Supreme Court has held that an

17  "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

18  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official

19  personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166.  Here, to the

20  extent Plaintiff sues Defendant in his official capacity for damages, the case is essentially a suit

21  against the California Department of Corrections, the entity for which Defendant works.  Such a

22  suit is barred under the Eleventh Amendment.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th

23  Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Alabama v. Pugh</u>,

24  438 U.S. 781, 782 (1978) (per curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993)

25  (en banc).

26         The Court agrees with Defendant and recommends that any official capacity

27  claims be dismissed and that this action may proceed on Plaintiff's claims only as against

28  Defendant in his individual capacity.

4

1                           2.        Injunctive Relief Claims

2                  The Eleventh Amendment does not, however, bar damages suits against state

3   officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209

4   U.S. 123 (1908), the Eleventh Amendment also does not bar suits for prospective declaratory or

5   injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124

6   F.3d 1019, 1025 (9th Cir. 1997).  However, injunctive relief lies only as to the individual who can

7   provide the demanded remedy, or who can appropriately respond to the challenged law or policy.

8   See Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013).

9                  Defendant argues that Plaintiff cannot sustain a claim for injunctive relief against

10  Defendant in his official capacity because Plaintiff "fails to allege any facts suggesting that

11  Defendant is the proper party to provide the demanded relief. . . ."  ECF No. 28-1, pg. 9.

12                 The Court agrees with Defendant that Plaintiff cannot sustain a claim for

13  injunctive relief against him.  A review of the docket reflects that Plaintiff was incarcerated at

14  California State Prison, Los Angeles County, at the time he filed the complaint.  See ECF No. 1.

15  Plaintiff's complaint concerns events which occurred while Plaintiff was housed at the California

16  Health Care Facility, in Stockton, California.  See id.  Plaintiff's most recent filing indicates that

17  he is currently incarcerated at California State Prison, Sacramento.  See ECF No. 29.

18                 If an inmate is seeking injunctive relief with respect to conditions of confinement,

19  the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there

20  is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S.

21  395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Such is

22  the case here.  Plaintiff seeks injunctive relief with respect to conditions of confinement which

23  occurred at the California Health Care Facility.  Plaintiff has since been transferred at least

24  twice – first to California State Prison, Los Angeles County, and most recently to California State

25  Prison, Sacramento.

26  / / /

27  / / /

28  / / /

                                             5

Unless Plaintiff can provide evidence of an expectation of being transferred back to the California Health Care Facility, which he has not done, Plaintiff's claim for injunctive relief against Defendant in this case has been rendered moot.  The Court agrees with Defendant and recommends that Plaintiff's injunctive relief claims be dismissed for this reason.

### B.   Failure to State a Claim

Defendant argues that Plaintiff's complaint fails to state a substantive claim for relief other than a claim for deliberate indifference based on alleged denial of necessary medical items.  See ECF No. 28-1, pgs. 9-15.  Specifically, Defendant argues: (1) other than for medical deliberate indifference, as identified in the Court's service order, Plaintiff's complaint fails to comply with Rule 8; (2) Plaintiff's complaint fails to allege facts to sustain a First Amendment retaliation claim; (3) Plaintiff's complaint fails to allege facts to sustain a First Amendment claim based on denial of access to courts; and (4) Plaintiff's complaint fails to allege facts to show a claim for conspiracy to commit murder.

The Court first addressed Defendant's general argument that the complaint does not comply with Federal Rule of Civil Procedure 8.  Defendant argues that Plaintiff's complaint fails to comply with the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, except as to Plaintiff's Eighth Amendment claim.  See ECF No. 28-1, pg. 9.  Specifically, Defendant contends:

> The Complaint fails to comport with Rule 8 because it does not provide a "simple, concise, and direct" statement of each alleged violation, and thereby does not fairly notify the Defendant of the claims against him and [s]o does not permit Defendant to adequately respond to the claims. . .

ECF No. 28-1, pg. 10.

To the extent Defendant is arguing that Plaintiff fails to allege sufficient facts to establish a plausible claim for relief as to the retaliation, access-to-courts, and conspiracy claims, the Court will address those arguments below.  The Court otherwise finds Defendant's argument somewhat puzzling in that Defendant has in fact been able to discern the distinct claims presented and has been able to respond by way of the substantive arguments addressed below.  Defendant's generalized Rule 8 argument is rejected.

1    The Court next addresses Defendant's more specific arguments that Plaintiff's

2    complaint fails to allege sufficient facts to sustain his claims for retaliation, denial of access to the

3    courts, and conspiracy to commit murder.

4        1.    Retaliation

5    In his motion to dismiss, Defendant argues that Plaintiff's complaint lacks facts

6    alleging the necessary retaliatory motive required for a First Amendment retaliation claim.  See

7    ECF No. 28-1, pgs. 11-12.

8    In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must

9    establish that he was retaliated against for exercising a constitutional right, and that the retaliatory

10   action was not related to a legitimate penological purpose, such as preserving institutional

11   security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

12   this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the

13   exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

14   Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

15   show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

16   the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

17   Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must

18   establish the following in order to state a claim for retaliation: (1) prison officials took adverse

19   action against the inmate; (2) the adverse action was taken because the inmate engaged in

20   protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

21   adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

22   Defendant argues Plaintiff's original complaint contains only bare assertions of the

23   required retaliatory motive.  See ECF No. 28-1, pg. 12.  Specifically, Defendant argues:

24        In the Complaint, Plaintiff claims that Defendant denied him
        medical treatment in retaliation for Plaintiff's refusal to comply with
25      certain COVID-19 vaccination policies and because of a pending civil
        lawsuit. (ECF No. 1 at 4.) However, this bare allegation does not plausibly
26      suggest that Defendant was personally aware of any lawsuit, nor does
        Plaintiff allege any facts plausibly suggesting that Defendant took any
27      action because of that lawsuit. (Id.) Since Plaintiff provides no direct or
        circumstantial evidence of Defendant's alleged retaliatory motive, he
28      cannot state a claim for First Amendment retaliation. See McCollum, 647

7

1

2

F.3d at 882–83. As such, to the extent the Court found that the Complaint pled a cognizable First Amendment retaliation claim against Defendant, such a claim should be dismissed. *See Iqbal*, 556 U.S. at 678.

3

ECF 28-1, pg. 12.

4

5

6

7

8

9

10

11

The Court agrees.  Plaintiff claims that Defendant denied, delayed, or interfered with medical care because Plaintiff refused to comply with vaccination requirements and because Plaintiff had filed a lawsuit.  Plaintiff has not, however, alleged specific facts which would show, if true, that Defendant had personal knowledge of Plaintiff's refusal to comply with vaccine requirements or of Plaintiff's lawsuit.  It is for this reason that the Court did not identify a cognizable retaliation claim in its prior order authorizing service.  Nonetheless, the Court will now recommend that Plaintiff be provided an opportunity to amend to allege facts showing Defendant's knowledge of Plaintiff's protected activities.

12

        2.     <u>Access to Courts</u>

13

14

Defendant argues Plaintiff's complaint lacks factual allegations necessary for a claim of interference with the right to access the courts.  <u>See</u> ECF No. 28-1, pgs. 12-14.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Prisoners have a First Amendment right of access to the courts.  <u>See Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977); <u>Jones v. Williams</u>, 791 F.3d 1023, 1035 (9th Cir. 2015); <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995).  Prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  <u>Bounds</u>, 430 U.S. at 828; <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1103 (9th Cir. 2011) (overruled on other grounds as stated by <u>Richey v. Dahne</u>, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  But the right does not require a particular methodology.  <u>See Lewis</u>, 518 U.S. at 356.  It guarantees the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  <u>Id.</u>  It does not promise to turn inmates into effective litigators.  <u>See id.</u> at 354-55; <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).  The right of access secures the ability to present non-frivolous claims to the court, it does not secure a right to discover claims or litigate them effectively once filed.  <u>See Lewis</u>, 518 U.S. at 354-55; <u>Phillips</u>, 477 F.3d at 655.  The tools required are those that inmates need to attack their sentences or challenge

1   conditions of confinement.  See Lewis, 518 U.S. at 355; Phillips, 477 F.3d at 655.  "Impairment

2   of any other litigating capacity is simply one of the incidental (and perfectly constitutional)

3   consequences of conviction and incarceration."  Lewis, 518 U.S. at 355; see Phillips, 477 F.3d at

4   655.  The right is restricted to non-frivolous criminal appeals, civil rights actions under 42 U.S.C.

5   § 1983, and habeas corpus petitions.  Lewis, 518 U.S. at 353 n.3, 354-56.

6           The United States Supreme Court has identified two categories of access-to-court

7   claims.  Christopher v. Harbury, 536 U.S. 403, 412-13 (2002).  The first category includes

8   "forward-looking" claims, which allege that official action presently frustrates a plaintiff's ability

9   to prepare and file a suit.  Id. at 413.  The second category, "backward-looking" claims, allege

10  that due to official action, a specific case "cannot now be tried (or tried with all material

11  evidence), no matter what official action may be in the future."  Id. at 413-14.  These cases look

12  "backward to a time when specific litigation ended poorly, or could not have commenced, or

13  could have produced a remedy subsequently unobtainable."  Id. at 414.

14          To establish an access to the court violation, a prisoner must identify an actual

15  injury.  Lewis, 518 U.S. at 349-351; Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th

16  Cir. 2011); Urmancheev v. Anglea, No.:1:19-cv-00791-DAD-JLT (PC), 2020 WL 1904818, at *2

17  (E.D. Cal. Apr. 17, 2020).  An actual injury is "actual prejudice with respect to contemplated or

18  existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis,

19  518 U.S. at 349; Urmancheev, 2019 WL 1904818, at *2.  An actual injury is a jurisdictional

20  requirement and may not be waived.  See Lewis, 518 U.S. at 348-52; Urmancheev, 2019 WL

21  1904818, at *2.  And in the backward-looking context more specifically, a plaintiff must identify:

22  (1) loss of a "nonfrivolous," "arguable" underlying claim; (2) the official acts that frustrated the

23  litigation of the underlying claim; and (3) a remedy that "may be awarded as recompense but [is]

24  not otherwise available in some suit that may yet be brought."  Harbury, 536 U.S. at 414-18;

25  Urmancheev, 2019 WL 1904818, at *2; Kabede v. Brown, No. 2:16-cv-1765 DB (P), 2017 WL

26  714300, at *6 (E.D. Cal. Feb. 22, 2017).

27  / / /

28  / / /

9

1    In his motion to dismiss, Defendant challenges the sufficiency of the factual

2    allegations Plaintiff makes regarding any actual injury.  See ECF No. 28-1, pgs. 13-14.

3    Defendant argues:

4           As best as can be deciphered, Plaintiff claims that Defendant
        denied him access to the courts by preventing him from meeting a court
5        deadline when Defendant took his personal belongings. (ECF No. 1 at 4.)
        Plaintiff alleges that this caused the court to dismiss his ongoing lawsuit.
6        (*Id*.) However, Plaintiff does not provide any details on how Defendant
        prevented him from meeting any court deadline or how Defendant
7        otherwise caused Plaintiff to suffer any "actual injury" with respect to his
        legal action. *See Lewis*, 518 U.S. at 349. Instead, Plaintiff simply alleges
8        that Defendant stole various items from him, including legal paperwork,
        and that this action interfered with his access to the courts. (*See* ECF No. 1
9        at 4.) Because Plaintiff does not plausibly allege that Defendant's actions
        caused him actual injury by hindering the progression of his case, there is
10       no basis for an access to courts claim and such a claim should be
        dismissed.
11
        ECF No. 28-1, pgs. 13-14.
12

13          The Court finds Defendant's argument well-taken.  As stated above, Plaintiff must

14   allege the loss of a nonfrivolous claim, the means of this interference or frustration in the

15   litigation, and a specific remedy.  See Harbury, 536 U.S. at 414-18.  Here, even if the Court were

16   to accept the vague and ambiguous allegation of interference by Defendant as withholding

17   personal items from Plaintiff, Plaintiff has not alleged any facts regarding the nature of an

18   underlying nonfrivolous suit or the specific circumstances that make up the "interference" or

19   "frustration" with that underlying litigation.  Plaintiff must allege more than the conclusion of

20   interference or a dismissal of his underlying suit.  Further circumstances of Defendant's alleged

21   conduct are necessary to alleviate this ambiguity.  Again, this is why the Court did not identify a

22   cognizable claim based on denial of access to the courts.  The Court will, however, recommend

23   granting Defendant's motion as to this claim and allowing Plaintiff an opportunity to amend.      /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3.      Conspiracy

In his motion to dismiss, Defendant argues that Plaintiff has not alleged a valid

claim for conspiracy to commit murder.  See ECF No. 28-1, pgs. 14-15.

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must

'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional

rights." Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (as amended) (citation

omitted).  "The defendants must have, 'by some concerted action, intend[ed] to accomplish some

unlawful objective for the purpose of harming another which results in damage.'" Mendocino

Envtl. Ctr. V. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citation omitted).

Additionally, a plaintiff cannot state a claim of conspiracy based solely on a naked assertion that

one existed.  See Twombly, 550 U.S. at 557.

As Defendant points out, Plaintiff merely states, "an active and ongoing

conspiracy to commit murder against [Plaintiff]...." See ECF No. 1, pg. 2.  Here, Plaintiff baldly

asserts that Defendant engaged in a conspiracy to commit murder without providing any facts

demonstrating the existence of an actual agreement or meeting of the minds involving Defendant

and a violation of Plaintiff's constitutional rights.  Additionally, Plaintiff has not adequately

alleged any constitutional violation.  The Court will recommend that Plaintiff's conspiracy claim

be dismissed with leave to amend.

///
///
///
///
///
///
///
///
///
///

11

### III. CONCLUSION

Based on the foregoing, the Undersigned recommends as follows:

1.      Defendant's motion to dismiss, ECF No. 28, be GRANTED.

2.      Plaintiff's complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 21, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE